THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT M. WALLER and
ANNE BRENNAN WALLER,

      Plaintiffs,

   v.

CABOT OIL & GAS CORPORATION,

      Defendant.

: 3:21-CV-569
: (JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On March 9, 2021, Plaintiffs Robert Waller and Anne Brennan Waller filed the above-captioned action against Defendant Cabot Oil & Gas Corporation (hereinafter "Cabot") in the Court of Common Pleas of Susquehanna County. (Doc. 1-1, at 10-18). Plaintiffs' Complaint alleges Trespass (Count 1), Conversion (Count II), and Punitive Damages (Count III). (*Id.*).

On March 29, 2021, Defendant removed this action to federal court on the basis of diversity jurisdiction. (Doc. 1). Defendant thereafter filed a Motion to Dismiss (Doc. 4) and accompanying brief (Doc. 5), to which Plaintiffs filed a brief in opposition (Doc. 7) and Defendant filed a Reply brief (Doc. 8).

Defendant's motion to dismiss has been fully briefed and the motion is ripe for disposition. For the reasons set forth below, the Court will grant in part and deny in part Defendant's Motion to Dismiss (Doc. 4).

## II. FACTUAL ALLEGATIONS

Plaintiffs' Complaint (Doc. 1-1) alleges the following facts which, for the purposes of resolving Defendant's Motion to Dismiss, the Court takes as true:

Defendant Cabot Oil & Gas Corporation is a Texas corporation engaged in the business of producing domestic natural gas, including from the Marcellus Shale formation. (Compl., at ¶¶ 1, 3).

Plaintiffs, Robert Waller and Anne Brennan Waller, are the owners of 14.6 acres of land located in Dimock Township, Susquehanna. (Compl., at ¶¶ 1, 4, 6). Plaintiffs' land is not subject to any "natural gas lease" under the terms of which Cabot or any other entity is entitled to extract natural gas from under Plaintiffs' land. (*Id.* at ¶ 7). However, adjacent and parallel to Plaintiffs' land is a natural gas "unit" owned and operated by Cabot entitled "J. Busik Unit Number 1" (hereinafter "Busik Unit"). (*Id.* at ¶ 8). Within the Busik Unit are several separate natural gas wells. (*Id.* at ¶ 9).

Cabot has been, and continues to, extract natural gas from the Marcellus Shale formation located under the Plaintiffs' land through the bore holes of the Busik Unit gas wells, through the use of hydraulic fracturing. (Compl., at ¶ 10).

Plaintiffs allege that Cabot extracted, and continues to extract, the natural gas as follows:

Cabot drilled natural gas wells within the Busik Unit, creating well bore holes and pumped fluid into the natural gas well bore holes, under high pressure. This high pressure

forced the fluids out of the bore holes into the ground formation lateral to the well bore holes. The fluids forced out of the well bore holes under high pressure create cracks in the surrounding Marcellus shale that propagate along the azimuth of natural fault lines in the surrounding Marcellus Shale in an elongated generally laterally elliptical pattern in opposite directions from the well bore holes. Cabot then pumps a slurry containing small granules called proppants which consist of sand, ceramic beads, or other solid materials into the bore holes which are forced out of the well bore hole under pressure that lodge themselves in the cracks created by the fluid under pressure, propping the created cracks open against the enormous subsurface pressure that would force them shut as soon as the fluid was gone. The fluid and proppants injected into the well bore holes located on the Busik Unit forcibly propelled and injected the fluid and proppants into Plaintiffs' land and crossed over into Plaintiffs' land. Cabot thereafter drained the fluids, leaving the cracks held open by the proppants open for natural gas to flow from Plaintiffs' land to Cabot's well bore holes located on the Busik Unit. The proppants propelled into Plaintiffs' land remain under their land, allowing for the continued extraction of natural gas from under Plaintiffs' land. (Compl., at ¶¶ 11, 11.1-11.11).

Plaintiffs assert that the "extraction of natural gas from under the land of the Plaintiffs through the aforesaid process is being done knowingly, willfully, unlawfully, outrageously and in complete conscious disregard of the rights and title of the Plaintiffs in said land and the natural gas thereunder." (*Id.* at ¶ 12).

## III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839

F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*. Additionally, because a "court reviewing a motion to dismiss must examine the plausibility of allegations in the complaint[, f]actual claims and assertions raised by a defendant are not part of that scrutiny." *Doe v. Princeton Univ.*, 30 F.4th 335, 344-345 (3d Cir. 2022).

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-787 (quoting *Iqbal*, 556 U.S. at 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule exists where a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks and brackets omitted) (emphasis in original). Nonetheless, consideration of these documents "only goes so far [and w]hen the truth of facts in an 'integral' document are

contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail."
*Princeton Univ.*, 30 F.4th at 342.

Even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

Defendant's Motion to Dismiss asserts that (1) Pennsylvania law "does not recognize punitive damages as an independent cause of action" and therefore Count III (Punitive Damages) should be dismissed, and (2) Counts I and II (Trespass; Conversion) fail to allege sufficient facts to support a claim for punitive damages and thus punitive damages should also be dismissed as to those two counts. (Doc. 4).

Cabot's brief in support of its motion first asserts that Pennsylvania does not recognize punitive damages as an independent cause of action, and therefore Count III of Plaintiffs' Complaint, alleging Punitive Damages, must be dismissed. (Doc. 5, at 7-9). Plaintiffs' responsive brief states that their Complaint "seeks the recovery of both compensatory and punitive damages from Cabot in causes of action in trespass and conversion" and "[f]ully recogniz[es] that the 'punitive damage claim' is not a separate cause

contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail."
*Princeton Univ.*, 30 F.4th at 342.

Even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

Defendant's Motion to Dismiss asserts that (1) Pennsylvania law "does not recognize punitive damages as an independent cause of action" and therefore Count III (Punitive Damages) should be dismissed, and (2) Counts I and II (Trespass; Conversion) fail to allege sufficient facts to support a claim for punitive damages and thus punitive damages should also be dismissed as to those two counts. (Doc. 4).

Cabot's brief in support of its motion first asserts that Pennsylvania does not recognize punitive damages as an independent cause of action, and therefore Count III of Plaintiffs' Complaint, alleging Punitive Damages, must be dismissed. (Doc. 5, at 7-9). Plaintiffs' responsive brief states that their Complaint "seeks the recovery of both compensatory and punitive damages from Cabot in causes of action in trespass and conversion" and "[f]ully recogniz[es] that the 'punitive damage claim' is not a separate cause

of action." (Doc. 7, at 2-3 & n. 1). Plaintiffs thus submit that Count III "not be considered as alleging a 'separate cause of action'" but rather "as abundant notice to Cabot that a claim for punitive damages is included in addition to compensatory damages." (Doc. 7, at 4). As a result of Plaintiffs' concession, the Court will grant Cabot's motion to dismiss Count III, with the caution that this dismissal does not foreclose Plaintiffs from seeking punitive damages for the underlying causes of action of trespass and conversion set forth in Counts I and II.

Cabot further argues that Plaintiffs have failed to plead facts sufficient to support a claim for punitive damages in Counts I and II. (Doc. 5, at 9-12).

In Pennsylvania, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (1963)). See also *Feld v. Merriam*, 485 A.2d 742, 747-748 (Pa. 1984):

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. Punitive damages must be based on conduct which is "malicious," "wanton," "reckless," "willful," or "oppressive." Further, one must look to the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties. The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious. (Internal citations omitted).

As such, punitive damages "are not justified where the defendant's mental state rises to no more than gross negligence." *SHV Coal*, 587 A.2d at 705. Further, to succeed on a claim for punitive damages, a plaintiff must produce sufficient evidence to establish that "(1) a

defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

While "courts do indeed dismiss claims for punitive damages in advance of trial", *Boring v. Google Inc.*, 362 F.App'x 273, 283 (3d Cir. 2010), under Pennsylvania law, "the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award," *Anderson v. Nationwide Ins. Enterprise*, 187 F.Supp.2d 447, 460 (W.D. Pa. 2002).

Accepting as true Plaintiffs' factual allegations and drawing all reasonable inferences in Plaintiffs' favor, the Complaint sufficiently pleads factual allegations to support a claim for punitive damages. Plaintiffs have set forth specific factual allegations explaining the manner in which they believe Cabot is extracting natural gas from their property, without Plaintiffs' permission or consent. This property is not subject to any "natural gas lease" under the terms of which Cabot or any other entity is entitled to extract natural gas from under Plaintiffs' land. Plaintiffs have further detailed the damage to their own land caused by Cabot's extraction methods utilized at the natural gas wells located on the Busik Unit, adjacent to Plaintiffs' property, and have alleged that Cabot's actions have allowed Cabot to continue extracting natural gas from under Plaintiffs' land, despite Cabot's lack of entitlement to this natural gas. Accepting Plaintiffs' allegations as true, a trier of fact could

find that the actions of Cabot were done intentionally, solely for their own increased profit, and that Cabot had a subjective appreciation of the risk of harm to Plaintiffs and their property but acted, or failed to act, in conscious disregard of the risks. Although conclusory, Plaintiffs' assertion that the "extraction of natural gas from under the land of the Plaintiffs through the . . . process [set forth in ¶ 11 of the Complaint] is being done knowingly, willfully, unlawfully, outrageously and in complete conscious disregard of the rights and title of the Plaintiffs in said land and the natural gas thereunder" (Compl. at ¶ 12) sets forth a theory of punitive damages supported by the well-pleaded facts set forth in the Complaint.

Nonetheless, the Court recognizes that, because "Pennsylvania cases have adopted a very strict interpretation of 'reckless indifference to the rights of others,'" *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990), and that "punitive damages are an 'extreme remedy' available in only the most exceptional matters," *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005), Plaintiffs would have faced a heavy burden at the summary judgment stage.[1] However, Cabot's motion to dismiss was premature in requesting dismissal of the allegations for punitive damages derived from the underlying claims of trespass and conversion before discovery could reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of Cabot. At the motion to dismiss stage, and drawing all reasonable inferences in favor of the plaintiffs,

---

[1] The deadline for the filing of all dispositive motions, including a motion for summary judgment, expired on January 31, 2022 (*see* Doc. 12, ¶ 4). Neither party filed a motion for summary judgment or moved to extend the dispositive motion deadline.

the Complaint plausibly alleges a cause of action for punitive damages, and specifically that Cabot's alleged actions and inactions were done with a bad motive or with a reckless indifference to the interests of the plaintiffs and others.

## V. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will grant in part and deny in part Defendants' Motion to Dismiss (Doc. 4). A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Court Judge